UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **SUSAN CARD,** *aka Karen Card***,** <br>     **Plaintiff,** <br><br> V. <br><br> **PRINCIPAL LIFE INSURANCE COMPANY,** <br>     **Defendant.** | **CIVIL ACTION NO. 5:15-139-KKC** <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Susan Card's Motion for Discovery (DE 17) and Defendant Principal Life Insurance Company's Motion to Strike Plaintiff's Response or, in the alternative, for Leave to File a Reply. (DE 20). For the reasons set forth below the Court will grant in part and deny in part Plaintiff's motion for discovery and grant Defendant's motion for leave to file a reply.

## I. BACKGROUND

This dispute arises over disability insurance policies held by Plaintiff Susan Card that were underwritten and administered by Defendant Principal Life Insurance Company. (DE 1 at 2.) On May 17, 2015, Plaintiff filed a complaint with this Court alleging that Defendant breached its disability insurance contracts with Plaintiff by wrongfully denying her claim both when it was filed in December of 2013 and on appeal.[1] (DE 1.) The Complaint further alleges that Plaintiff was denied a full and fair review due, in part, to Defendant's operating under an inherent conflict of interest as both the evaluator and

---

[1] Plaintiff's Amended Complaint (DE 3) makes no substantive changes and only resolves a clerical error.

payor of claims under Plaintiff's policy. This Court has jurisdiction over these claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, which provides a mechanism for enforcing insurance policies like Plaintiff's.

This Court entered a scheduling order on June 29, 2015, setting a briefing schedule in the event that the parties could not agree on the applicable standard of review. (DE 9.) Defendant filed its brief on August 13, but Plaintiff's brief was not submitted until September 1, 2015, (DE 19) Defendant now asks that this filing be stricken. (DE 20.) In the interim between the standard of review filings, Plaintiff also moved for discovery related to Defendant's alleged conflict of interest. (DE 17.) The following analysis will address (1) the parties' filing disputes, (2) the applicable standard of review, and (3) Plaintiff's entitlement to discovery.

## II. ANALYSIS

### A. DEFENDANT'S MOTION

Before turning to the discovery and standard of review questions this Court must first dispense with the parties ongoing feud over several collateral matters including: the timeliness of Plaintiff's brief regarding the standard of review (DE 26 at 4), the timeliness of Defendant's filing of the administrative record (DE 24 at 2), and the propriety of allowing Plaintiff to file a reply brief to correct a deficiency alleged by Defendant's responsive brief on the standard of review. (DE 24 at 2.) These contentions led directly to Defendant's Motion now before this Court. (DE 20.) This Court is not persuaded by either party's efforts to play "gotcha."

Plaintiff previously requested an extension to file her brief on the standard of review. (DE 10.) However, Plaintiff's subsequent brief did not rely on the material she claimed was needed before she could file that brief, namely the administrative record. (DE 19.) Instead, Plaintiff alleged deficiencies in Defendant's brief. (DE 19.) This type of attack

2

would not have been possible without the requested extension, which allowed Plaintiff to file a responsive brief, rather than arguing an independent basis for her proposed standard of review. (DE 9.) Having styled her brief as a response, Plaintiff opened the door for Defendant's reply under this District's Joint Local Rules of Civil Practice. *See* LR 7.1(c) ("A party may file a reply memorandum within fourteen (14) days of service of the response."). Consistent with the permissive amendment and supplementation standards of the Federal Rules of Civil Procedure, and in order to properly evaluate the applicable standard of review this Court will consider all of Plaintiff and Defendant's filings. *Cf.* Fed. R. Civ. P. 15 ("[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading"). Defendant's alternative motion to file a reply brief will be granted. (DE 20.)

**B. DE NOVO OR DEFERENTIAL REVIEW**

Plaintiff alleges that discovery is necessary to determine if, and to what extent, an alleged conflict of interest biased the Defendant's analysis of her claims. (DE 17 at 3). However, Defendant claims that Plaintiff's motion for discovery would be moot if she succeeds on her argument for a *de novo* standard of review. (DE 22 at 2.) Supreme Court and Sixth Circuit precedent accord with this view. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion") (internal citations omitted); *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 350 (6th Cir. 2015) ("the district court's review is limited to the administrative record absent *evidence* to support 'a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'") (emphasis in original) (citing

*Wilkins v. Baptist Healthcare Sys.*, Inc., 150 F.3d 609 (6th Cir. 1998)). Thus, this Court will address Plaintiff's entitlement to *de novo* review before turning to her discovery request.

Plaintiff argues for a *de novo* review of Principal's decision. (DE 19.) Defendant argues for the more deferential arbitrary and capricious standard due to the Plan's delegation of discretionary authority. (DE 10.) As noted above, Defendant's chide Plaintiff for requesting discovery "only relevant in matters subject to an arbitrary and capricious standard of review," while arguing for a *de novo* review. (DE 22 at 2.) Though this Court is not convinced that Plaintiff has "implicitly conceded" her standard of review argument by requesting discovery (DE 20 at 3), Defendant has provided sufficient evidence to justify a more deferential review than *de novo*. *Cf.* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.")

Courts reviewing benefit determinations under ERISA apply a *de novo* standard unless the plan provides "the administrator or fiduciary discretionary authority to determine eligibility for benefits," in which case a "deferential standard of review [is] appropriate." *Firestone*, 489 U.S. at 111, 115. Plaintiff claims that *de novo* review should apply, not because the plan does not satisfy the test above, but because Defendant's standard of review brief did not specifically state what individual vested with discretion exercised that authority in reviewing Plaintiff's claims. This argument is unpersuasive for two independently sufficient reasons.

First, the case law cited by Plaintiff in support of her claim that Defendant has the *burden* of proving both that the plan vested discretion, and that that discretion was actually exercised by the designee, does not establish such a requirement. (DE 24 at 2.) Both the Northern District of Ohio's unreported holding, and the Sixth Circuit decision cited therein, establish that deference is appropriate only if both those circumstances

4

exist—neither Court addresses burdens of proof. *Christoff v. Ohio N. Univ. Employee Ben. Plan*, No. 3:09-CV-540, 2010 WL 2246336, at *2 (N.D. Ohio June 4, 2010) (citing *Shelby County Health Care Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan*, 581 F.3d 355, 365 (6th Cir. 2009)). As Defendant points out, this issue usually only arises when a plan administrator vested with authority purports to have delegated that authority to a third party—generally a subsidiary corporation. *See Frazier v. Life Ins. Co. of North America*, 725 F.3d 560 (6th Cir. 2013). Absent an allegation that Defendant delegated, or did not actually exercise, the discretionary authority granted by the Plan documents, an Administrator Defendant establishes an entitlement to deferential review by showing "that the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 115. Defendant's brief and attached exhibits established as much and thus, Principal has established an entitlement to deferential review.

Second, even if Defendant was saddled with the burden Plaintiff seeks, its initial brief arguably made the requisite showing, and if not, its reply certainly establishes that Defendant indeed exercised its delegated authority. Defendant's brief states that the plan documents "validly conferred discretionary authority to Principal Life to make the benefit determinations at issue." (DE 12 at 6.) The referenced determinations "at issue" are clearly stated in Plaintiff's complaint: "Ms. Card submitted her claim for disability benefits, but *Principal* denied her claim. [ ] Ms. Card subsequently appealed the claim denial, but *Principal* denied her appeal." (DE 1 at 2 (emphasis added).) Defendant's initial brief alleges that it was given discretion to make the contested decisions, which were undisputedly made by Defendant. Plaintiff's claim that Defendant did not *allege* a valid exercise of discretion

5

is, thus, undercut by Plaintiff's own allegation that Defendant exercised that discretion, as incorporated by reference.

Moreover, to the extent Plaintiff's challenge relies on the original brief's failure to argue that Defendant's individual employees were vested with discretion, the position is untenable. It is well settled that ""[a]rtificial entities such as corporations may act only through their agents[.]" *Braswell v. United States*, 487 U.S. 99, 110 (1988). Thus, it was unnecessary for Defendant to further clarify that its employees actually made the "determinations at issue." (DE 12 at 6.) The determinations could have been made no other way. Because Plaintiff presents no other support for applying a *de novo* review, this Court will review Defendant's determination under the "highly deferential arbitrary-and-capricious standard of review." *Canada v. Am. Airlines, Inc. Pilot Ret. Ben. Program*, 572 F. App'x 309, 312 (6th Cir. 2014) ("although American both funds the Plan and determines Plan eligibility, the district court properly factored the airline's dual role and inherent conflict of interest into its application of the arbitrary-and-capricious standard rather than imposing a heightened standard of review altogether").

## C. DEGREE OF DEFERENCE AND DISCOVERY

Normally, when examining the merits of an ERISA benefit denial a "district court's review is limited to the administrative record." *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 350 (6th Cir. 2015) However, this Circuit recognizes an exception for evidence "offered in support of a procedural challenge to the administrator's decision." *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998)). Here, Plaintiff represents that Defendant has a "conflict of interest as the party paying benefits and administering the claim." (DE 17 at 4.) Though Defendant states that other courts in this District have required a threshold showing beyond a mere allegation of a conflict, the Sixth

Circuit has declined to adopt such a requirement. *Johnson*, 324 F. App'x at 466 ("Although [Defendant] argues [for] a threshold evidentiary showing of bias as a prerequisite to discovery . . . , the Supreme Court's admonition . . . discouraging the creation of special procedural or evidentiary rules for evaluating administrator/payor conflicts of interest counsels against it.").

Defendant does not dispute that it was both the evaluator and the payor for Plaintiff's claims—this situation creates an inherent conflict of interest. (DE 25 at 6.) Thus, this Court will exercise its discretion to permit *narrow* discovery into Defendant's procedure to determine how it should impact this Court's review. *See Johnson*, 324 F. App'x at 467 ("[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge"); *Brainard v. Liberty Life Assura. Co. of Boston*, 2014 WL 7405798, at *2 (E.D. Ky. Dec. 30, 2014) ("discovery must be strictly confined to the procedural challenge"). This District has previously stated the rationale for allowing such discovery:

> Because the defendant's conflict of interest is a factor that the Court must consider when deciding whether the defendant abused its discretion in denying the plaintiff's claim and because the significance of that factor depends on the particular circumstances in the case, limited discovery regarding the conflict of interest is appropriate. Without such discovery, plaintiffs would be severely hindered in their ability to obtain evidence to show the significance of the conflict of interest.

*Brainard*, 2014 WL at *4.

In short, an inherent conflict gives this Court reason to be skeptical of a plan administrator's determination. The degree of skepticism that conflict should engender must be based on the extent of the conflict, which must be determined before this Court can proceed to review the denial of Plaintiff's benefits. Having held that Plaintiff is entitled to some discovery, this Court must now determine the permissible scope of that discovery.

**D. SCOPE OF DISCOVERY**

Plaintiff first contends that discovery should be liberally permitted because she also brings a claim under 29 U.S.C. § 1132(a)(3), which is not controlled by the ERISA discovery limitations. Though the validity of this claim as an independent source of relief is not now questioned before this Court, Plaintiff should note that courts reviewing claims under § 1132(a)(3) that are also adequately remedied by § 1132(a)(1)(B) have dismissed the § 1132(a)(3) cause of action as duplicative. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) ("Because § 1132(a)(1)(B) provides a remedy for Wilkins's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3)."); *Kmatz v. Metro. Life Ins. Co.*, 458 F. Supp. 2d 553, 557 (S.D. Ohio 2005) ("it is not the label that the plaintiff puts on the claim which controls . . . [i]t is whether the complaint seeks recovery of plan benefits that controls."); *cf. Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) ("'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy").

Regardless of their validity, the claims also have the same factual basis. (DE 1.) In such circumstances courts in this District have not differentiated between various ERISA causes of action in limiting discovery. *Kmatz*, 458 F. Supp. at 557, 561 (plaintiff bringing "breach of contract claims arising out of a failure to provide benefits" adjudicated as § 1132(a)(1)(B) claims "entitled to limited discovery"). The single Magistrate Judge's recommendation cited by Plaintiff does not support a contrary result. *Jones v. Allen*, No. 2:11-CV-380, 2014 WL 1155347, at *8 (S.D. Ohio Mar. 21, 2014). The *Jones* Court merely stated that "the parties have not cited, and the Court is unaware of, any authority limiting discovery in ERISA breach of fiduciary duty claims." *Id.* This dictum, from a court without controlling

8

authority, does not address breach of contract claims, or even attempt to state a rule. Moreover, this Court has uncovered persuasive authority limiting the scope of discovery for ERISA claims styled as breach of contract claims. *Kmatz*, 458 F. Supp. at 557, 561. Plaintiff has provided no persuasive justification for ignoring such a limitation under an ERISA scheme that seeks to provide "an inexpensive and expeditious method of resolving benefits disputes." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998). Consequently, this Court will review Plaintiff's requests for consistency with the limited discovery available for procedural challenges under ERISA.

Defendant challenges many of Plaintiff's requests and interrogatories as (1) lacking relevance to the bias at issue here (DE 22 at 5–7), (2) being overly broad (DE 22 at 7), (3) needing clarification to resolve ambiguity, (4) addressing Defendant's determinations not before this Court (DE 22 at 7–8), and as (5) requesting documents outside its possession, custody, and control (DE 22 at 8). The Supreme Court opened the door for some discovery in ERISA cases when the decision maker operated under an inherent conflict of interest. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 116 (2008). However, *Glenn* gave discretion to the district courts to determine the appropriate scope of that discovery. *Id.* at 119 ("our elucidation of *Firestone*'s standard does not consist of a detailed set of instructions").

Consistent with the recently amended Federal Rules of Civil Procedure, the Court believes a pretrial conference would provide the best forum for "expediting disposition of [this] action." Fed. R. Civ. P. 16(a). The conference will address the permissible scope of discovery; however, the parties should be cognizant of their duty under the amended rules to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

9

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's Motion for Leave to File a Reply (DE 20) is **GRANTED.**

2. Plaintiff's Motion for Discovery (DE 17) is **GRANTED IN PART** and **DENIED IN PART**.

3. This matter is scheduled for a telephonic conference on **May 4, 2016 at 2:30 p.m.** The parties are to call 888-684-8852, using access code 6823688. Please dial in a few minutes before the conference is scheduled to begin.

Dated March 31, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY