UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| **SUSAN CARD,** *aka Karen Card***,**<br>    **Plaintiff,**<br><br>V.<br><br>**PRINCIPAL LIFE INSURANCE COMPANY,**<br>    **Defendant.** | **CIVIL ACTION NO. 5:15-139-KKC**<br><br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Defendant Principal Life Insurance Company's motions to alter or amend. (DE 33). For the reasons set forth below the motion will be denied.

## I. BACKGROUND

The Parties' central dispute concerns disability insurance policies held by Plaintiff Susan Card that were underwritten and administrated by Defendant Principal Life Insurance Company. (DE 1 at 2.) On May 17, 2015, Plaintiff filed a complaint with this Court alleging that Defendant breached its disability insurance contracts with Plaintiff by wrongfully denying her claim, both when it was filed in December of 2013, and on appeal.[1] (DE 1.) The Complaint further alleges that Plaintiff was denied a full and fair review due, in part, to Defendant's operating under an inherent conflict of interest as both the evaluator and payor of claims under Plaintiff's policy. This Court has jurisdiction over these claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, which provides a mechanism for enforcing insurance policies like Plaintiff's.

---

[1] Plaintiff's Amended Complaint (DE 3) makes no substantive changes and only resolves a clerical error.

This Court entered a scheduling order on June 29, 2015, setting a briefing schedule in the event that the parties could not agree on the applicable standard of review. (DE 9.) The Parties did not reach an accord regarding the standard of review and, after briefing, this Court entered an Opinion and Order holding that the arbitrary and capricious standard applies. (DE 30) The Court's March 31, 2016, Opinion and Order also granted Plaintiff's motion for discovery, in part, and set a telephonic conference for May 4, 2016, to address the scope of such discovery. (DE 30.)

Both Parties were represented by counsel during the conference, during which Defendant's objections to Plaintiff's discovery requests were thoroughly addressed. (DE 32.) At the close of the conference, the Court asked Defendant's counsel if all significant objections had been discussed. Defendant's counsel affirmed as much. Defendant now moves this Court to amend the minute entry order entered following the conference. (DE 33.)

## II. ANALYSIS

Normally, when examining the merits of an ERISA benefit denial a "district court's review is limited to the administrative record." *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 350 (6th Cir. 2015). However, this Circuit recognizes an exception for evidence "offered in support of a procedural challenge to the administrator's decision." *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins v. Baptist Healthcare Sys.*, Inc., 150 F.3d 609 (6th Cir. 1998)). Plaintiff's representation that Defendant has a "conflict of interest as the party paying benefits and administering the claim," went undisputed. (DE 17 at 4; DE 25 at 6.) Thus, this Court exercised its discretion to permit *narrow* discovery into Defendant's procedure to determine how it should impact this Court's review. *See Johnson*, 324 F. App'x at 467 ("[d]istrict

courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge"); *Brainard v. Liberty Life Assura. Co. of Boston*, 2014 WL 7405798, at *2 (E.D. Ky. Dec. 30, 2014) ("discovery must be strictly confined to the procedural challenge").

After addressing all objections pressed by the Defendant at the conference, this Court granted Defendant's request for a protective order for information produced pursuant to Production Request Nos. 8–10 and 13–19, affirmed several of Defendant's objections regarding Plaintiff's interrogatories, and narrowed the scope of several other interrogatories. (DE 32.) Defendant now moves for additional limitations including: (1) narrowing of the scope of the requests for production to the period when Plaintiff's claim was under consideration, between December 2013 and February 2015, (2) adjusting the scope of Request No. 14 and Interrogatory No. 8 to account for privacy concerns regarding its employee performance reviews, and (3) eliminating its obligation to produce documents pursuant to Request Nos. 17(f), 18, and 19 due to the burden compliance would impose. (DE 33 at 4–6.)

A motion to alter or amend under Rule 59 may be granted if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see* Fed. R. Civ. P. 59. Defendant's motion does not demonstrate any basis for relief under Rule 59. "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The Supreme Court opened the door for some discovery in ERISA cases when the decision maker operates under an inherent conflict of interest. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 116 (2008). The *Mullins v. Prudential Ins. Co. of America*, Court

3

summarized the types of discovery this District has generally permitted in these circumstances, including:

- incentive, bonus or reward programs or systems, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims
- contractual connections between plan administrator/payor and the reviewers utilized in plaintiff's claim and financial payments paid annually to the reviewers from the administrator/payor
- statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted
- number of times the reviewers found claimants able to work in at least a sedentary occupation or found that claimants were not disabled
- documentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate plaintiff's claim)

267 F.R.D. 504, 513 (W.D. Ky. 2010) (quoting *Bird v. GTX, Inc.*, 2009 WL 3839478 (W.D. Tenn. Nov. 13, 2009); *Pemberton v. Reliance Standard Ins. Co.*, 2009 WL 89696 at *2–3 (E.D. Ky. Jan. 13, 2009); *Myers v. Prudential Ins. Co. of Amer.*, 581 F.Supp.2d 904, 913 (E.D. Tenn. 2008)). This precedent, along with the Supreme Court's *Glenn* decision, persuades this Court to reject Defendant's argument that discovery should be limited to the period when Plaintiff's claim was under consideration. Statistical data for claims made in the years preceding Plaintiff's claim is certainly relevant to establishing "a history of biased claims administration," so long as those earlier claimants applied under the same plan as Plaintiff herein. *Glenn*, 554 U.S. 117.

Defendant objects to Request No. 14 on the grounds that Iowa law prohibits an employer from providing employment records to anyone other than the employee or a prospective employer of a current or former employee. (DE 33 at 4.) Defendant's interpretation of the Iowa Code is both baseless and incorrect. Chapter 91B Section 2 is entitled: "Information provided by employers about current or former employees— immunity." Iowa Code § 91B.2. The statute creates neither a cause of action, nor a

4

prohibition. Rather, it carries out the purpose that the Supreme Court of Iowa explicitly attributed to this section: "to provide immunity from civil liability for an employer or employer's representative who acts reasonably in providing work-related information about a current or former employee of the employer." *Hlubek v. Pelecky*, 701 N.W.2d 93, 99 (Iowa 2005) (internal citations omitted). Compliance with this statute immunizes employers from civil suit. However, there is no suggestion that this section *prohibits* provision of employment records in other circumstances.

Nonetheless, this Court is not entirely insensitive to Defendant's privacy concerns. Plaintiff previously claimed that the requested performance reviews "directly relate[ ] to whether the claims and appeals personnel . . . were pressured to deny claims." (DE 17 at 3.) However, Plaintiff did not press for production of individual employees' performance reviews at the telephonic conference. Instead, Plaintiff sought the general procedures and criteria used to evaluate claims personnel. (DE 35 at 10–11.) This Court directed production of such criteria and procedures, nothing more. Thus, to the extent Defendant interpreted this Court's order as creating an inconsistent obligation pursuant to Request No. 14, the Court will clarify that Defendant is not, at this time, obligated to produce any individual employee performance reviews.

Defendant's third objection, supported by an affidavit from Defendant's Life and Disability Claims Manager, states that production of the documents in Request Nos. 17(f), 18, and 19 would be unduly burdensome. (DE 33 at 5.) Defendant represents that it does not create records for many of the types of information Plaintiff requests in regards to disability claims referred to third party vendors for peer review or independent medical evaluations. (DE 33 at 5.) Defendant further avers that production of such records via review of individual claim files would require between 20,540 and 30,810 man hours. (DE

33 at 5.) Defendant contends that such an undertaking would be grossly disproportionate to the nature of this litigation. (DE 33 at 6.)

If such an endeavor is, in fact, necessary for production of the requested data, then compliance would be unduly burdensome. However, this Court already addressed a similar objection during the telephonic conference in this matter. (DE 35 at 20–24.) The Court will reiterate that compliance with these discovery requests is only expected to the extent that contractual relationships with vendors/reviewers grant Defendant access to these third parties' compilations of the requested data. (DE 35 at 22–23.) Clearly, Defendant cannot be compelled to produce documents outside its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see Gluc v. Prudential Life Ins. Co. of Am.*, 2015 WL 4746249, at *9 (W.D. Ky. Aug. 5, 2015). If Defendant cannot obtain these documents, then that fact will suffice to inform Plaintiff that the requested information must be subpoenaed. (DE 35 at 23.)

Defendant's objections are largely meritless and, moreover, it is unclear why they were not pressed during the telephonic conference that the Court scheduled to address these matters. A motion for reconsideration "is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier." *Gowens v. Tidwell*, No. 10–10518, 2012 WL 4475352, at *1 (E.D.Mich. Sept.27, 2012) (citing *Sault St. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Accordingly, **IT IS ORDERED** that Defendant's Motion to Alter or Amend (DE 33) is **DENIED**.

Dated July 22, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY