UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| SUSAN CARD, | CIVIL ACTION NO. 5:15-139-KKC |
| Plaintiff, | |
| V. | OPINION & ORDER |
| PRINCIPAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Susan Card's motion to enforce a document subpoena (DE 55), motion to stay (DE 56), and motions for extension of time (DE 60; DE 62). For the following reasons, Card's motion to enforce is **DENIED**, her motion to stay is **GRANTED**, and motions for extension of time are **GRANTED** in part and **DENIED** in part.

## I. Background

Card brought suit against Principal Life Insurance Company under the Employee Retirement Income Security Act of 1974, known simply as ERISA. *See* 29 U.S.C. § 1001, *et seq*. Card argues that Principal improperly denied her claim for disability benefits and that Principal operated "under an inherent and structural conflict of interest because any disability benefits provided to Ms. Card are paid from Principal's assets." (DE 3, Amended Compl. ¶¶ 14, 16).

Litigation in this case has been contentious, and Card's present motions have been no exception. First, Card seeks to enforce a subpoena directed to MES Peer Review Services,[1] a

---

[1] Card actually directed the subpoena to Medical Evaluation Specialists, Inc., d/b/a MES Solutions. The entity that provided services in Card's case, however, was Lone Star Consulting Services, LLC, d/b/a MES Peer Review

1

vendor for Principal. (DE 55). Second, Card asks the Court for a stay while the subpoena issue is being resolved (DE 56). Third, Card has twice requested more time to file her motion for summary judgment. (DE 60; DE 62).

## II. Motion to enforce the third-party subpoena

As a preliminary matter, the Court will note that its review in an ERISA case is normally limited to the administrative record. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). Yet, the Supreme Court has opened the door for discovery in some ERISA cases when the decision maker operates under an inherent conflict of interest. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). Still, the amount of discovery the Court will permit in an ERISA case is narrow.

In *Mullins v. Prudential Insurance Co. of America*, the Western District of Kentucky delineated these "permitted areas of inquiry":

- incentive, bonus, or reward programs or systems, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims;

- contractual connections between plan administrator/payor and the reviewers used in plaintiff's claim and financial payments paid annually to the reviewers from the administrator/payor;

- statistical data regarding the number of claims files sent to the reviewers and the number of denials that resulted;

- number of times the reviewers found claimants able to work in at least a sedentary occupation or found that claimants were not disabled; and

- documentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate plaintiff's claim).

267 F.R.D. 504, 513 (W.D. Ky. 2010).

---

Services. (DE 58, Response at 1, n.1). MES Peer Review Services is the relevant party in this case and will be referred to simply as "MES."

Card seeks several types of documents from MES. First, she requests all documents in MES's possession or control in which she is referenced. (DE 55-1). Next, she requests specific statistical data from MES and involving Principal, from March 17, 2010, to the present, namely, the outcome reports by service/subservice and the outcome/average turnaround time reports. (DE 55-1).

Card argues that the documents she seeks through the subpoena are "directly relevant to the issues before the Court in this ERISA benefits case—Principal's financial bias and failure to provide a full-and-fair review." (DE 55, Mtn. at 3).

In response, MES asserts a procedural challenge to the subpoena and argues that the motion to enforce was filed in the wrong court. MES has not waived any of its substantive objections to the subpoena.

Federal Rule of Civil Procedure 45(d)(2)(B)(i) is the basis for MES's argument, and that rule provides, in relevant part, that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

Here, Card's subpoena designated the Law Offices of Jonathan M. Feigenbaum, 184 High Street, Suite 503, Boston, MA 02110, as the place of compliance. (DE 55-1). Thus, Card's motion to enforce should be brought in the U.S. District Court for the District of Massachusetts.

This is not the proper court to address the merits of the parties' dispute as they relate to the subpoena, so it will deny Card's motion to enforce. *See* Fed. R. Civ. P. 45(c)(2)(A); Fed. R. Civ. P. 45(d)(2)(B)(i).

Nonetheless, the Court reminds present and future counsel that the limited discovery permitted in ERISA cases does *not* open the door for discovery carte blanche. If it had not already permitted Card to seek information via subpoenas, this Court would consider

restricting discovery in this case. *See Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998) ("The scope of discovery is, of course, within the broad discretion of the trial court. 'An order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice.'") (internal citations within quote omitted). To be clear, the Court will take a more cautious approach before approving such a hunt for discovery in the future.

### b. Motion to stay and motions for extension of time

Next, Card has moved the Court to stay this proceeding while she attempts to enforce her subpoena. She has also made two requests for more time to file her motion for summary judgment.

Principal opposes Card's motion to stay and argues that "[t]he proceedings in this matter should not be stayed while Plaintiff engages in a wild goose chase for documents which have no connection to this case as they were not provided to Principal Life, were not available to Principal Life and played no part in Principal Life's determination to deny Plaintiff's claim." (DE 57, Response ¶ 4).

Upon review of the docket, the Court counts at least seven requests for more time or similar relief (DE 11; DE 33; DE 43; DE 51; DE 56; DE 60; DE 62), and the most recent deadlines established by the Court have come and gone. (DE 54).

Although the Court is troubled by Card's fishing expedition, it will reluctantly grant her motion to stay this proceeding and both of her motions for extension of time while she attempts to enforce her subpoena in a different district. Further, the Court will have to establish new discovery and briefing deadlines.

As a final matter, the Court will not entertain requests by either party for attorney fees and costs at this time.

Accordingly, it is hereby **ORDERED** that:

(1) Card's motion to enforce a subpoena directed at a third-party is **DENIED** (DE 55);

(2) Card's motion to stay is **GRANTED** (DE 56);

(3) This Court's previous order ruling on Card's second motion for extension of time is **VACATED** and **SET ASIDE** (DE 63);

(4) Card's motions for extension of time are **GRANTED** to the extent that more time is requested, but **DENIED** as to the specific time frames sought (DE 60; DE 62);

(5) Card **MUST FILE** in the record the decision of any court to address her motion to enforce immediately after the decision's issuance; and

(6) Upon the filing of the decision on Card's motion to enforce, the Court will set new discovery and briefing deadlines.

Dated May 23, 2017.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY